<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1818**

_____

SHAMIA J. DUNCAN,

              Plaintiff – Appellant,

       v.

UNITED STATES POSTAL SERVICE HEADQUARTERS,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:10-cv-02097-BEL)

_____

Submitted:  February 16, 2012       Decided:  February 28, 2012

_____

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark E. Herman, Baltimore, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Joseph R. Baldwin, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamia J. Duncan appeals the district court's order granting summary judgment to Defendant and denying her cross-motion for summary judgment in her civil action seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 1346(b)(1), 2671-80 (West 2006 & Supp. 2011), for injuries she suffered in connection with an automobile collision. Duncan argues on appeal that the district court erred in concluding she was contributorily negligent and, therefore, barred from recovery under the applicable law — the tort law of Maryland — and that the court erred in denying her cross-motion for summary judgment. We affirm.

We review a district court's adverse grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Maryland law, a plaintiff who is contributorily negligent is barred from recovery in tort. See Ramos v. S. Md. Elec. Coop., Inc., 996 F.2d 52, 54-55 (4th Cir. 1993) (citing cases). Contributory negligence is defined as "the failure to observe ordinary care for one's own safety. It is the doing of

2

something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Menish v. Pollinger Co., 356 A.2d 233, 236 (Md. 1976) (internal quotation marks omitted). After review of the record and the parties' briefs, we conclude that the district court did not err in determining that Duncan failed to exercise due care as a matter of law. The undisputed evidence establishes that Duncan failed to observe ordinary care for her own safety by either failing to look for traffic approaching her at an intersection or looking in such a manner that she failed to see the vehicle plainly approaching her. Because such failure contributed to the collision, the district court properly concluded that Defendant was entitled to judgment in its favor on the question of liability under the FTCA for the collision. Summary judgment was thus properly granted to Defendant and denied to Duncan.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3